UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DAVID D. CLIFFORD (#109543)                           CIVIL ACTION
    A/K/A MICHAEL J. COLEMAN

VERSUS

RICHARD STALDER, ET AL.                               NO. 06-0446-C-M2


NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, November 13, 2006.

                                    _____
                                    MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

DAVID D. CLIFFORD (#109543)                                CIVIL ACTION
    A/K/A MICHAEL J. COLEMAN

VERSUS

RICHARD STALDER, ET AL.                                    NO. 06-0446-C-M2

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate presently incarcerated at Phelps Correctional Center ("PCC"), DeQuincy, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against (1) Richard L. Stalder, Secretary of the Louisiana Department of Public Safety and Corrections, (2) Nurse Durham, allegedly employed as a health care provider at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, (3) Warden Robert Y. Henderson, Deputy Warden Nate Cain, Ass't. Warden Peshoff, Ass't. Director of Nurses Joseph Ruebush, Nurse-Practitioner Margaret Aubin, Nurse J. Bordelon, Nurse Linda Derise, and B. Thompson, all allegedly employed at PCC, (4) Harvey G. Lappin, Director of the United States Bureau of Prisons, Washington, D.C., and (5) unidentified "John Doe" and "Jane Doe" defendants, variously employed by the State of Louisiana at EHCC, PCC and the Bureau of Prisons.[1] The plaintiff's principle claim is that the defendants have violated his constitutional rights by subjecting him to deliberate indifference to his serious medical needs, commencing in February, 2006.

In his Complaint, the plaintiff alleges that he was released from the custody of the Bureau of Prisons in February, 2006, and was

---

[1] Inasmuch as the "John Doe" and "Jane Doe" defendants are not identified in the plaintiff's Complaint, these defendants will not be considered as defendants before the Court.

transferred to the custody of the Louisiana Department of Public Safety and Corrections. He asserts that he arrived at EHCC on February 15, 2006, and was interviewed at that time by an unidentified health care official at that facility. According to the plaintiff, he advised the medical officer that he suffers from chronic and severe back pain and was in need of certain medications and accommodations. As a result, the plaintiff was prescribed Motrin, was issued a limited duty status, was given an assignment to a lower bunk, and was directed to submit a form for the release of medical records from the Bureau of Prisons. Thereafter, approximately a month later, on March 17, 2006, the plaintiff allegedly began experiencing back spasms and requested medical intervention. He complains, however, that he was only examined by an unnamed medical technician at that time, not a doctor, and that his prescribed medication was improperly changed to Naprosyn, which has caused him to experience discomfort in the past. When the plaintiff complained of this alleged improper medication, he was told by unnamed employees that he could purchase Motrin at the prison commissary inasmuch as he had money in his prison account. Thereafter, on March 23, 2006, the plaintiff again sought medical attention, this time for an injury which allegedly occurred a day earlier. He complains, however, that he was again seen only by an unnamed medical technician who did not examine him properly. The next day, March 24, 2006, the plaintiff was allegedly seen by defendant Nurse Durham. According to the plaintiff, Nurse Durham did not examine him properly either, expressed the opinion that the plaintiff was a malingerer, and told the plaintiff that he could purchase Motrin at the prison commissary if he wanted it. Finally, the plaintiff complains that he spent the following month at EHCC, until April 24, 2006, without appropriate medical care or treatment for his condition.

He asserts that despite three separate requests, the Bureau of Prisons failed to forward his medical records for review by EHCC medical providers. And he complains that EHCC was deficient in the facilities provided to disabled inmates under the Americans with Disabilities Act. He fails, however, to state in what manner the prison facilities were deficient.

Finally, after spending approximately two months at EHCC, the plaintiff was transferred to PCC, where he has allegedly continued to experience inadequate medical care and deliberate medical indifference. According to the plaintiff, officials at PCC have revoked his limited duty status and lower bunk assignment, assigned him to work in the PCC fields, assigned him to physical therapy which he can not perform due to pain, failed to provide appropriate medication, imposed wrongful disciplinary charges against him, failed to provide him with a prescribed back brace, failed to obtain appropriate diagnostic tests, and placed him in extended lockdown where the onerous conditions have aggravated his symptoms.

Pursuant to 28, U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). Further, a § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

Initially, although the plaintiff has named Director Harvey G. Lappin as a defendant herein, it is clear that there is no viable basis for a claim asserted against this individual. By its terms, 42 U.S.C. § 1983 provides a cause of action to anyone deprived of a federally protected right "under color of state law". District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). It does not apply to actions taken by federal agencies or employees. Zernial v. United States, 714 F.2d 431 (5th Cir. 1983). Accordingly, because the named federal defendant in this case was operating under federal authority, the plaintiff is not entitled to relief under § 1983 against this defendant.

Notwithstanding the foregoing, a constitutional violation committed by a federal official may be actionable under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Under Bivens, a person is entitled to bring an action against a federal employee who was acting in his individual capacity for the violation of a constitutional right. The law is clear, however, that absent a waiver of sovereign immunity, a person may not sue the federal government or a federal officer in his official capacity. See, e.g., Price v. United States, 69 F.3d 46 (5th Cir. 1995), cert. denied, 519 U.S. 927, 117 S.Ct. 295, 136 L.Ed.2d 214 (1996). Accordingly, interpreting the plaintiff's Complaint as asserting a claim under Bivens, the plaintiff's claim against defendant Lappin in his capacity as Director of the Bureau of Prisons, must be dismissed for lack of subject matter jurisdiction. And to the extent that the plaintiff seeks to name defendant Lappin in his individual capacity, the plaintiff has failed to allege any personal involvement or direct participation by defendant Lappin in the events complained of herein. Under well-

established principles of constitutional law, a supervisory official such as Lappin cannot be sued for civil rights violations under a theory of respondeat superior. See Cronn v. Buffington, 150 F.3d 538 (5th Cir. 1998). Accordingly, the plaintiff claims asserted against defendant Lappin should be dismissed as legally frivolous as a matter of law.

Turning to the plaintiff's claims asserted relative to events allegedly arising at EHCC, the Court finds that these claims also fail to state claims of arguable constitutional dimension. According to the allegations of the Complaint, the plaintiff was seen and evaluated upon arrival at that institution, was evaluated for his medical condition and complaints, and was prescribed medicine, a limited duty status, and an assignment to a lower bunk. He was only housed at EHCC for approximately two months and did not experience any significant complaints for the first month of that period. During the second month, with the alleged onset of pain and symptoms, he was admittedly seen by several health care providers, and his medication was changed. Although he complains that he was not properly treated or examined, he does not allege that his complaints were ignored, only that EHCC officials did not provide him with appropriate care. It is clear, in any event, that he was transferred from EHCC to PCC in April, 2006, and so was only at EHCC for a relatively short period of time. Further, the single named defendant employed at EHCC, Nurse Durham, is alleged to have seen the plaintiff on only one occasion during that period.

In order for an inmate-plaintiff to prevail on a claim that his constitutional rights have been violated by the provision of improper or inadequate medical care, he must show that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d

251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment or accommodation which he believes he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. Farmer v. Brennan, supra. As stated in Farmer, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. In addition, pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Pursuant to the plaintiff's own admissions, it is clear that officials at EHCC responded to his requests for medical treatment. Specifically, by his own admissions, when he complained of back pain and of alleged injury, he was seen by health care providers and prescribed medication. Although it is probable that the plaintiff experienced some degree of discomfort during his period of confinement at EHCC, he has not alleged that he sustained any aggravation of his condition as a result of the defendants' actions. Moreover, the discomfort suffered by him was of relatively short duration, resulting in no appreciable worsening of his condition. Accordingly, based upon the plaintiff's allegations and upon the showing made, the Court is unable to conclude that the plaintiff's constitutional rights were violated through deliberate

indifference to his serious medical needs at EHCC. Therefore, the Court finds that the plaintiff has failed to state a cause of action against the defendants relative to this claim and that the claim is frivolous as a matter of law.

Further, to the extent that the plaintiff seeks to hold defendant Richard Stalder responsible for the defendants' actions, he fails to make any allegations of personal participation by defendant Stalder in the events complained of. Under federal law, to be liable under § 1983, a person must either be personally involved in conduct causing an alleged deprivation of a constitutional right, or there must be a causal connection between the actions of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that defendant Stalder is responsible for the actions of his subordinates is, alone, insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specifically imposed upon him by state law. Lozano v. Smith, supra. In the instant case, the plaintiff does not allege that defendant Stalder had any direct involvement in the provision of the plaintiff's medical care or the conditions of his confinement and does not allege the existence of any wrongful policy for which this defendant is responsible. To the contrary, the only substantive claim asserted against Secretary Stalder is that defendant Stalder failed to take appropriate action in

response to the plaintiff's administrative grievances. This is not a claim of constitutional dimension, and accordingly, defendant Stalder is entitled to Judgment as a mater of law, dismissing the plaintiff's claim against him as legally frivolous.

Finally, turning to the plaintiff's claims arising at PCC, it is clear that these claims, and the named PCC defendants allegedly associated therewith, have occurred and are located within the Western District of Louisiana, and are connected with the plaintiff's current and ongoing medical complaints and conditions of confinement at that location. Under the provisions of 28 U.S.C. §§ 1391(b)(1) and (2), and 28 U.S.C. §§ 1404(a) and 1406(a), a District Court may, in the interest of justice and for the convenience of the parties, transfer a claim to a court of more appropriate venue. In the instant case, inasmuch as the plaintiff's remaining claims arise entirely within the Western District of Louisiana, and inasmuch as the plaintiff, the remaining defendants and all potential witnesses connected with these claims are located in the Western District of Louisiana, it is appropriate that this action be transferred to the Western District of Louisiana for resolution and disposition.

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the plaintiff's claims against defendants Harvey G. Lappin, Richard Stalder and Nurse Durham be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915, and that this action be transferred to the Western District of Louisiana for resolution and disposition.

Signed in chambers in Baton Rouge, Louisiana, November 13, 2006.

**MAGISTRATE JUDGE CHRISTINE NOLAND**