# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID D. CLIFFORD A.K.A.** **MICHAEL J. COLEMAN** | : | **DOCKET NO. 2:06-cv-2368** Section P |
| **VS.** | : | **JUDGE MINALDI** |
| **RICHARD STALDER, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## O R D E R

Currently before the court are four motions filed by *pro se* plaintiff, David D. Clifford: (1) a "Motion to Compel Discovery" [doc. 42]; (2) a "Motion for Judicial Notice [doc. 43]; (3) a Motion for Physical Examination [doc. 44]; and (4) a Motion to Amend/Correct Complaint [doc. 45]. Each of these motions will be addressed below.

1. Motion to Compel Discovery [doc. 42]

By this motion, the plaintiff seeks to have the court compel the defendants to respond to discovery requests allegedly made on October 31, 2006. A review of the record reveals that this matter was recently transferred to this court by the U.S. District Court for the Middle District of Louisiana and that service of process has not yet been ordered in this case. Following completion of the initial review pursuant to 28 U.S.C. §§1915, 1915A, the court will determine whether service of process is appropriate. If so, the court will order the plaintiff to complete service documents and will then direct service to be performed by the United States Marshal Service. Once service of process is effected, the parties will have an opportunity to engage in discovery. Until that time, discovery is premature. For this reason, the motion to compel is DENIED.

2. Motion for Judicial Notice [doc. 43]

By this motion, the plaintiff seeks to inform the court of motions which were pending before the U.S. District Court in the Middle District of Louisiana. A review of the record in this matter reveals that when this matter was transferred to this Court, all motions pending before the court in the Middle District of Louisiana were terminated as moot. Thus, to the extent that plaintiff seeks a ruling on those motions, his motion is DENIED as those motions are no longer pending.

3. Motion for Physical Examination [doc. 44]

By this motion, the plaintiff seeks to have the Court appoint an outside physician to evaluate the plaintiff's back condition and/or injuries. Plaintiff's motion indicates that he has been seen by a doctor for his back problems and that he has access to medical care at Phelps Correctional Center. Nevertheless, he claims that he continues to be denied adequate medical care by the prison.

The plaintiff's desire for different treatment or treatment from a specialist is not sufficient to state a constitutional violation under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 1997). Furthermore, a prisoner's disagreement with the course of treatment offered and/or unsuccessful treatment do not establish that a constitutional violation has occurred. *See Norton, supra; Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). In the absence of a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. See *Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974). The decision regarding if and when the plaintiff should be seen by an outside physician is best left to the prison officials. For this reason, this motion is DENIED.

4.  Motion to Amend/Correct Complaint [doc. 45]

By this motion, the plaintiff seeks leave of court to file an amended complaint.  Having considered this motion, it is ORDERED that the motion be GRANTED.

THE CLERK OF COURT IS DIRECTED to file the amended complaint in the record and to refer the record to the *pro se* staff attorney for review.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, January 10, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE